IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | Crim. No. 4:09-cr-00950-TLW-8 |
|---|---|
| v. | **Order** |
| Johnny Junior Duncan | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018 (FSA), passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851. After taking into account the Amended § 851 Information that the Government previously filed, his statutory sentencing range was 20 years to Life, followed by at least 10 years of supervised release. PSR ¶¶ 89, 93. His Guidelines range at sentencing—after taking into account his classification as a career offender—was 262–327 months (34/VI), followed by 10 years of supervised release. PSR ¶¶ 90, 96. After granting the Government's motion for a downward departure pursuant to § 5K1.1 and departing five levels, his reduced Guidelines range became 151–188 months (29/VI). The Court imposed a 165-month term of imprisonment, followed by a 10-year term of supervised release. ECF No. 279.

Pursuant to the FSA and as referenced in the Sentence Reduction Report

1

(SRR) prepared by the U.S. Probation Office, ECF No. 577, the mandatory minimum applicable to Defendant has been reduced from 20 years to 10 years (a life sentence remains the maximum), and his supervised release term has been reduced from at least 10 years to at least 8 years. *See* 21 U.S.C. § 841(b)(1)(B) (setting forth the current penalties for a defendant who is convicted of possessing with intent to distribute at least 28 grams but less than 280 grams of crack). But while his statutory penalties have changed, he remains a career offender pursuant to *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), and his post-departure Guidelines range remains 151–188 months.

In Defendant's motion, he requests a full resentencing hearing and implies that if he were granted one, he would seek to challenge his career offender designation. *See* ECF No. 580 at 12–14. The Government agrees that he is eligible for a reduced term of supervised release, but says that his sentence of imprisonment should not be reduced because his Guidelines range has not changed. *See* ECF No. 578 at 3.

Judge Currie has recently considered both of these questions—whether a First Step Act defendant is entitled to a full resentencing and whether he is eligible for a reduced sentence of incarceration when his Guidelines range has not changed. She concluded that a First Step Act defendant is not entitled to a full resentencing, but that he can be considered for a reduced sentence of imprisonment even if his Guidelines range remains the same. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). The Court notes Judge Currie's

thorough, well-reasoned opinion and will follow the procedure she concluded is appropriate in light of her analysis of the applicable law in this case. Thus, the Court concludes that Defendant is not entitled to a full resentencing, but he can be considered for a reduced term of imprisonment even though his Guidelines range has not changed.

In light of the First Step Act and as set forth in the SRR, the Court concludes that Defendant is now subject to a statutory sentencing range of 10 years to Life, followed by at least 8 years of supervised release. His post-departure Guidelines range is 151–188 months imprisonment, followed by 8 years of supervised release. Prior to determining whether to reduce his sentence of incarceration, the Court will consider the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. If either party intends to file any submissions relevant to those issues, they shall do so no later than 21 days from the date of this order.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

June 25, 2019
Columbia, South Carolina